IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

MANUEL PEREZ-COLON,

    Petitioner,

v.             Civil Action No.: 5:14-CV-90
               (JUDGE STAMP)

TERRY O'BRIEN,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 7, 2014, Petitioner Manuel Perez-Colon[1] ("Petitioner" or "Defendant"), acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). On July 21, 2014, Petitioner paid the $5.00 filing fee. ECF No. 7. On March 7, 2016, the Court entered an Order to Show Cause [ECF No. 9] why the Petition should not be granted. On March 25, 2016, Respondent filed a Motion to Dismiss and Response to Show Cause Order [ECF No. 11] together with a Memorandum in Support. ECF No. 12. On March 28, 2016, the Court entered a <u>Roseboro</u> Notice [ECF No. 13], informing Petitioner of his right and obligation to respond to the Government's Motion. On April 18, 2016, Petitioner filed his Response ECF No. 15. The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied.

---

[1] Petitioner is a federal inmate housed at the federal penitentiary in Hazelton, West Virginia.

## II. BACKGROUND[2]

### A. Conviction and Sentence

In 1997, Petitioner and seventy-eight co-defendants were indicted for their involvement in "a sprawling drug smuggling and distribution network in southwest Puerto Rico between [the years of] 1994 and 1997." United States v. Martinez-Medina, 279 F.3d 105, 111 (1st Cir. 2002). Specifically, Petitioner was indicted in Count One for conspiring to possess and distribute "multi-kilogram amounts of cocaine, heroin, and marijuana," in violation of 21 U.S.C. §§ 841(a)(1) and 846, and in Count Two for conspiring to engage in illegal financial transactions involving the drug proceedings, in violation of 18 U.S.C. §§ 1956(a)(1) and 1957.[3] Id.

From October through December of 1998, Judge Salvador E. Casellas held a jury trial for Petitioner and six of his co-defendants who did not enter into plea agreements. Id. On December 18, 1998, the jury returned a verdict of guilty against Petitioner on both Counts One and Two. ECF No. 1757. On July 2, 1999, Judge Casellas sentenced Petitioner to life imprisonment for Count One and twenty years' imprisonment for Count Two, to be served concurrently. ECF No. 2300. Petitioner's life sentence was based, in part, on the District Court's determination at sentencing that his conspiracy involved more than 150 kilograms of cocaine, based on a preponderance of the evidence presented at trial.[4] See United States v, Martinez-Medina et al., 279 F.3d

---

[2] Throughout this section, all ECF numbers refer to entries in the docket of Criminal Action No. 3:97-CR-82, District of Puerto Rico, unless stated otherwise.
[3] Petitioner's charge under 18 U.S.C. § 1957, but not § 1956(a)(1), was later dropped. Martinez-Medina, 279 F.3d at 111.
[4] In accordance with settled practice at the time, United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996), the court proceeded to determine the quantity of drugs involved in the conspiracy and fairly attributable to Petitioner and one of his co-defendants. This figure was far more than needed to trigger the statutory maximum life sentence, 21 U.S.C. § 841(b)(1)(A), and

2

105, 121 (1st Cir. 2002). Petitioner filed several post-trial motions, including a motion for a new trial, which were all denied. See ECF Nos. 1876, 2204, 2746, 2900, 3527, 3567.

On July 14, 1999, Petitioner filed a Notice of Appeal with the United States Court of Appeals for the First Circuit. ECF No. 2324. In his appeal, Petitioner argued that: (1) the evidence was insufficient to support his conviction; (2) certain pieces of evidence were erroneously introduced at trial; (3) the prosecutor engaged in misconduct during closing arguments that tainted the trial; (4) a "buyer-seller" jury instruction[5] should have issued during the trial; (5) his sentence was improper because, *inter alia*, it violated his rights under Apprendi v. New Jersey, 530 U.S. 466 (2000), and (6) a new trial is warranted due to newly discovered evidence. Martinez-Medina, 279 F.3d at 113-27. On February 8, 2002, the First Circuit affirmed Petitioner's conviction and sentence. Id. at 105.[6] On March 19, 2002, the First Circuit's mandate was issued. ECF No. 3053. On May 5, 2002, Petitioner requested *certiorari* petition from the United States Supreme

---

enough to set Petitioner's guideline offense level at 38, the highest unadjusted level for drug crimes. U.S.S.G. § 2D1.1 (1998). With a criminal history category of III, Petitioner was initially subject to a term of 292 to 265 months. However, the court found that a life sentence was mandated in his case for two reasons. First, after making the requisite factual findings, the court applied two upward departures to Petitioner's base offense level; a two-level increase for possession of a firearm, U.S.S.G. § 2D1.1(b)(1), and a four-level increase for being an organizer or leader of the conspiracy. Id. § 3B1.1. With these enhancements, Petitioner was subject to a life term. Second, as an alternative, the court applied U.S.S.G. § 2D1.1(d)(1)'s murder cross reference, which says that "[i]f a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 the sentencing court shall apply U.S.S.G. § 2A1.1. The court found, by a preponderance of the evidence, that Petitioner had ordered the murder of Sol Garcia. Accordingly, it increased his base offense level to 42, as specified in section 2A1.1. Petitioner was again subject to a life term. 279 F.3d at 121.

[5] A "buyer-seller" instruction "would have informed the jury that a buyer and seller in a single drug transaction are not invariably part of a drug conspiracy." Martinez-Medina, 279 F.3d at 120.

[6] Although Apprendi was decided in 2000, after Petitioner was sentenced, the First Circuit found no bar to applying the decision to Petitioner's appeal on direct review. 279 F.3d at 121-22. However, the Court held that an Apprendi error can be harmless, and the overwhelming evidence at trial supported the drug quantity. Furthermore, Petitioner conceded in his brief that he was responsible for more than 50 kilograms of cocaine, which would be sufficient for a life sentence. Id. at 122.

3

Court, which was denied. Perez –Colon v. United States, 122 S.Ct. 2608 (2002).

On July 24, 2003, Petitioner filed a section 2255 motion. ECF No. 3164. In it, Petitioner raised six grounds for relief based on allegations of ineffective assistance of counsel. Id. Specifically, he claimed (1) ambiguity in the verdict as to the particular drug involved; (2) failure to properly support a downward departure request; (3) Apprendi error; (4) conflict of interest; (5) Apprendi error as to a murder enhancement under the Sentencing Guidelines; and (6) failure to charge drug quantity in the indictment. On June 17, 2004, the Court denied all of Petitioner's grounds for relief and dismissed the section 2255 petition. See ECF Nos. 22 & 23, Civil Action No. 3:03-CV-1691, District of Puerto Rico. Of specific relevance to the instant matter, the Court found that "Apprendi cannot be applied retroactively on collateral attack because the rule enunciated by that case does not come within the purview of Teague v. Lane, 489 U.S. 288 (1989)." ECF No. 22 at 5.

On August 26, 2004, Petitioner filed a motion under Federal Rule of Civil Procedure 60(b) requesting that the Court reconsider the denial of his 2255 Petition in order to apply the Supreme Court's ruling in Blakely v. Washington, 124 S.Ct. 2531 (2004) to his case because Blakely "reaffirmed" Apprendi. Perez –Colon v. United States, Civ. No. 03-1691, ECF No. 24. Petitioner argued again that the drug amount should have been submitted to the jury to find beyond a reasonable doubt. The District Court of Puerto Rico treated that motion as a successive habeas petition, and ruled that in order for Petitioner to obtain any relief he had to apply to the Court of Appeals for an order authorizing the District Court to consider the application. Id. Thereafter, Petitioner filed a "Motion, pro-se, requesting Order for the Court to apply the Supreme Court's

4

ruling in U.S. v. Booker and U.S. v. Fanfan," ECF No. 28, a "motion, pro-se, requesting Order for the District court to apply the manifest injustice standard to the previous rulings by the First Circuit's previous denial of the direct appeal to this Court's Orders," ECF No 29, and an "Informative Motion regarding Intention to Seek Writ of Mandamus." ECF No. 31. All were denied. ECF No. 35. Petitioner unsuccessfully appealed to the First Circuit. See Appeal No. 06-1762.

On May 27, 2008, Petitioner attempted again to have the District Court modify his sentence on collateral attack, by filing a motion styled as a "Request for Resolution of a Question of Law in Light of Constitutional Booker Error and Request for Correction of a Manifest Injustice on Obviously Wrong and Unreasonable Decisions." ECF No. 3439. The substance of Petitioner's motion was that a constitutional Booker error occurred where "the district court, not the jury's verdict, determined that the petitioner was to be attributed 150 kilograms of cocaine for sentencing purposes . . .and . . . for murder" under Id. at 9. The District Court noted that these same arguments were already rejected by the First Circuit on direct appeal. In addition, the District court found that "[a]s it is now settled, Blakely was merely an application of the principles set forth in Apprendi." ECF No. 3448 at 2. Therefore, the District Court determined that Petitioner's Apprendi claim, and Blakely claim must equally fail. Finally, the District Court also determined that the First Circuit had made it clear that Apprendi and its progeny do not apply retroactively to cases on collateral review. Accordingly, the District Court denied and dismissed the motion with prejudice.

Subsequently, Petitioner requested permission from the First Circuit Court of Appeals to file a second or successive section 2255 motion, contending that his

5

sentence is unconstitutional in light of Alleyne v. United States, 133 S. Ct. 2151 (2013). ECF No. 3506. On July 1, 2014, the First Circuit denied Petitioner's request, stating that "Alleyne has not been made retroactive by the Supreme Court to cases on collateral review." Id.

On June 5, 2014, Petitioner filed Motion for Recall of Mandate in his original criminal appeal in the First Circuit. See Appeal No. 99-1999. Petitioner again alleged that failure to submit the drug amount to the jury to find beyond a reasonable doubt was in error under Apprendi, Alleyne, Burrage v. United States, 134 S.Ct. 881 (2014). On July 30, 2014, the First Circuit denied Petitioner's Motion.

On July 7, 2014, Petitioner filed his third request for permission to file a second or successive section 2255 motion, which parallels his pending petition in this Court. Petitioner cited Burrage, Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), Peugh v. United States, 133 S.Ct. 2072 (2007); and Gall v. United States, 128 S.Ct. 586 (2007) to argue that the drug amount should have been submitted to the jury to find beyond a reasonable doubt. The First Circuit dismissed Petitioner's application because he was seeking to advance claims pursuant to 28 U.S.C. § 2241, and jurisdiction for such a claim resided in the Northern District of West Virginia.[7] In addition, to the extent that Petitioner was seeking an advance ruling from the court that his petition was not a second or successive motion pursuant to §2255, the First Circuit found that he was not entitled to an advance ruling and declined to address the question.

Finally, Petitioner sought permission to file a second or successive petition pursuant to § 2255, in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015)

---

[7] The First Circuit specifically noted that Petitioner had already filed an identical petition with this Court.

6

and Burrage v. United States, 134 S. Ct. 881 (2014). ECF No. 3583. On June 20, 2016, the First Circuit denied Petitioner's request, stating that "[t]he guideline provision that Perez seeks to challenge bears no resemblance to the residual clause invalidated in Johnson, and Barrage provides no basis for relief because Perez was not sentenced under the provision at issue in this case." Id.

### III. DISCUSSION

A. The Petition

In the Petition, Petitioner asserts only one ground for relief. ECF No. 1 at 5. Specifically, Petitioner contends that the sentencing court applied an erroneous guideline enhancement by sentencing him to life based on an uncharged drug quantity.

B. The Motion to Dismiss

Respondent argues that Petitioner cannot challenge the validity of his sentence in this §2241 petition, because he cannot meet the savings clause of §2255.

C. Petitioner's Response

Petitioner contends that "an in depth analysis of the jurisprudence of the retroactivity doctrine support his position that Apprendi, and as an extension, Alleyne and Barrage are retroactively applicable on habeas review.

D. Legal Standards

1. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and

7

Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts have long cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)).

In doing so, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**E.    Analysis of the Petition**

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that a section 2255 remedy is not

inadequate or ineffective merely because relief is no longer available under section 2255 due to the following: (1) a limitation bar,[8] (2) the prohibition against successive petitions or (3) a procedural bar, such as the failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective. This standard is extremely stringent. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, [the] settled law of this [C]ircuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

---

[8] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

There is no dispute that the conduct for which Petitioner was convicted is still a crime – both conspiracy to distribute narcotics and money laundering are still crimes, and Petitioner does not argues to the contrary. Instead, Petitioner alleges that there has been a substantial change in the law affecting his sentencing enhancement such that he is "innocent" of that enhancement. Petitioner's argument fails for numerous reasons.

First, to the extent that Petitioner relies on <u>Apprendi</u>, <u>Alleyne</u> and <u>Barrage</u> to support his argument that his conviction and sentence on Count One for conspiring to possess and distribute "multi-kilogram amounts of cocaine, heroin, and marijuana," is invalid, the same is misplaced. Although Petitioner undertakes his own analysis as to why these cases are retroactively applicable and render his sentence invalid, he cites not one court decision which has held them to be retroactively applicable.

In <u>Alleyne</u>, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven-year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S.Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new,

11

aggravated crime, each element of which must be submitted to a jury." Id, at 2162.

This decision extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court found that any fact which increases the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. See Simpson v. United States, No. 13-2373 2013 U.S. App. LEXIS 12902 *1 (7th Cir. July 10, 2013)(noting that Alleyne is an extension of Apprendi).

A number of courts that have considered the question thus far have found that Alleyne, in that it is a mere extension of Apprendi, is not intended to be retroactively applied. See id.,United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013); Butterworth v. United States, 775 F.3d 549 (1st Cir. 2015); United States v. Reyes, No. 2:11cv6234, 2013 U.S. Dist. LEXIS 112386 *49-*56 (E.D. Pa. August 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 U.S. Dist. LEXIS 102150 *3 (S.D. Ohio July 22, 2013); United States v. Standley, No. 09-0022, 2013 U.S. Dist. LEXIS 98943 *7 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 U.S. Dist. LEXIS 104835 *2 (E.D. Mo. July 26, 2013).

Barrage v. United States, 134 S.Ct. 881 (2014), is the most recent decision holding that a factor which increases the minimum or maximum possible sentence must be submitted to a jury and found beyond a reasonable doubt. In Barrage, the defendant sold heroin to another person, who used it, along with other drugs, and died the next day. After expert witnesses testified that it was impossible to determine if the decedent died from the heroin use alone, the

12

district court instructed the jury that it could find defendant guilty of violating 21 U.S.C. § 841(b)(1)(C) if it found that the heroin the defendant distributed was a contributing case of the decedent's death. The Burrage court held that where the use of a drug distributed by a defendant is not an independently sufficient cause of a victim's death or serious bodily injury, the defendant could not be liable for the §841(b)(1)(C) penalty enhancement unless such use was a "but-for" cause of the death or injury. Because the Controlled Substances Act did not define the phrase "results from," the court gave the phrase its ordinary meaning, i.e., that a thing "results" when it arises as an effect, issue, or outcome from some action, process, or design. In ordinary usage, that required proof that in the absence of, i.e., "but for" a defendant's conduct, the harm would not have occurred. This scenario is entirely different from Petitioner's case, in which the sentencing court applied the cross murder reference of U.S.S.G. §2D1.1(d)(1) after finding that Petitioner had ordered the murder of Sol Garcia. 18 U.S.C. § 841(b)(1)(C) has no application to Petitioner's case, and hence, neither does Barrage.

As an additional matter, similar to Apprendi and Alleyne, even if Barrage applied to Petitioner's case, the decision has not been applied retroactively to cases on collateral review. See Herrera v. Warden, FCC-Coleman-USP-1U, No. 13-14862, 2015 WL 77404 at *2 (11th Cir. Jan. 7, 20 15); Ramseur v. United States, 2014 WL 4854642 (W.D.N.C. Sept. 29, 2014); Alvarez v. Hastings, 2014 WL 4385702 (S.D.Ga. Sept. 5, 2014); De La Cruz v. Quintana, No. 14-28-KKC, 2014 WL 1883707, at 6 (E.D.Ky. May 1, 2014) (unable to find any authority making Burrage retroactively applicable); Taylor v. Cross, No. 14-cv-304, 2014

13

WL 1256371, at 3 (S.D. Ill. Mar. 26, 2014) (Barrage has not been found to apply retroactively); and In re Carlos Alvarez, No. 14-10661-D (Mar. 26, 2014) (declining to extend Burrage because the Supreme Court "did not expressly hold that Barrage is retroactive[ly applicable to cases] on collateral review.").

Not only does Petitioner's argument under Aprendi, Alleyne and Burrage fail, but it critical to note that the remedy provided in §2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under § 2241. Based on the language in Jones, it is clear that the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer crime. As previously noted, Petitioner does not argue that he is imprisoned for an offense which is no longer a crime. Instead, he solely argues that his life sentence is invalid.

Fundamentally, "Fourth Circuit precedent does not support the extension of the savings clause to petitioners who challenge only their sentences." Petty v. O'Brien, o. 1L11cv9, 2012 WL 509952 (N.D.W.Va. Febr. 15, 2012) (citing United States v. Poole, 551 F.3d 263, 267 n.7 (4th Cir. 2008)). Rather, the § 2255 savings clause is "confined to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F.App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Accordingly, relying on the decision in Petty, and the guidance of the Fourth Circuit in Darden, the undersigned concludes that Petitioner fails to state

a cognizable § 2241 claim. See also Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006): Green v. Hemingway, 67 F.App'x 255, 257 (6th Cir. 2003) ("Even if it is assumed that [Petitioner]'s allegations are true, the 'actual innocence' exception of the savings clause of § 2255, as it has been interpreted by this Court, is actual innocence of the underlying, substantive offense, not innocence of a sentencing factor.") (internal quotations omitted); Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000) (holding that § 2241 is not available where a petitioner "makes no assertion that he is innocent of the crime for which he was convicted"); White v. Rivera, 518 F.Supp.2d 752, 757 n.2 (D.S.C. 2007), aff'd 262 F.App'x 540 (4th Cir. 2008) ("Furthermore, his 'actual innocence' argument concerning an enhancement does not entitle him to relief under § 2241, as it 'is not the type of argument that courts have recognized may warrant review under § 2241.'"); Boynes v. Berkebile, No. 5:10cv00939, 2012 WL 1569563, *7 (S.D.W. Va. May 1, 2012).

## IV. RECOMMENDATION

For the foregoing reasons, it is hereby **RECOMMENDED** that the Respondent's Motion to Dismiss [ECF No. 10] be GRANTED, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Frederick

P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: August 9, 2016

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE