IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MANUEL PEREZ-COLON,

        Petitioner,

v.                                    Civil Action No. 5:14CV90
                                                        (STAMP)
TERRY O'BRIEN,

        Respondent.


### MEMORANDUM OPINION AND ORDER ADOPTING AND AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING § 2241 PETITION

The petitioner, Manuel Perez-Colon ("Perez-Colon"), filed this

pro se[1] petition under 28 U.S.C. § 2241 challenging the validity of

his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000),

Alleyne v. United States, 133 S. Ct. 2151 (2013), and Burrage v.

United States, 134 S. Ct. 881 (2014).  This matter was referred to

United States Magistrate Judge Michael John Aloi under Local Rule

of Civil Procedure 72.01.  The respondent filed a motion to dismiss

the petition.    The magistrate judge then entered a report

recommending that the respondent's motion to dismiss be granted and

that the petition be denied.    Perez-Colon then filed timely

objections to the report and recommendation.

_____

        [1]"Pro se" describes a person who represents himself in a court
proceeding  without  the  assistance  of  a  lawyer.    Black's  Law
Dictionary 1416 (10th ed. 2014).

## I.  Background

Perez-Colon was convicted of conspiracy to possess and distribute "multi-kilogram amounts of cocaine, heroin, and marijuana," in violation of 21 U.S.C. §§ 841(a)(1) and 846, and of conspiracy to launder money in violation of 18 U.S.C. §§ 1956(a)(1) and 1957.  The United States District Court for the District of Puerto Rico sentenced Perez-Colon to a total sentence of life imprisonment.  The sentencing court found that the drug conspiracy involved more than 150 kilograms of cocaine, increasing the maximum term of imprisonment for the drug conspiracy conviction to life imprisonment under 21 U.S.C. § 841(b)(1)(A).  Further, the sentencing court found that the United States Sentencing Guidelines permitted a life sentence based upon two upward departures to Perez-Colon's offense level.  First, the sentencing court applied a two-level increase for the possession of a firearm in the commission of the offenses under U.S.S.G. § 2D1.1(b)(1).  Second, the sentencing court applied a four-level increase for organizing and leading the drug conspiracy under U.S.S.G. § 3B1.1.  The sentencing court alternatively concluded that Perez-Colon's base offense level should be determined by cross-reference to the guidelines for a murder conviction, as the court determined that in the course of committing the offenses "a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111." U.S.S.G. § 2D1.1(d)(1).

The United States Court of Appeals for the First Circuit affirmed Perez-Colon's conviction and sentence. Perez-Colon then filed a motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The District of Puerto Rico denied the motion. Perez-Colon then filed several petitions with the First Circuit requesting permission to file a second or successive § 2255 motion to attack his sentence under the Apprendi line of cases and under Johnson v. United States, 135 S. Ct. 2551 (2015), but each were denied. Perez-Colon then filed this § 2241 petition alleging that his life sentence is invalid under the Apprendi line of cases because the district court rather than the jury found that the drug conspiracy involved more than 150 kilograms of cocaine.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed to the magistrate judge's recommendation,

these findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

### III.  Discussion

Magistrate Judge Aloi found that § 2241 is an improper vehicle for the petitioner's claims because he attacks the validity of his sentence rather than the means of execution of his sentence, and such challenges must be brought under 28 U.S.C. § 2255. The magistrate judge further concluded that the petitioner could not maintain his petition under § 2255's "savings clause" because he failed to demonstrate that § 2255 does not provide an adequate remedy.

A prisoner may file a motion under § 2255 to collaterally attack the legality of his conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). But generally, a prisoner may file a petition under § 2241 to challenge only the manner in which a sentence is executed. 28 U.S.C. § 2241(c). A prisoner may use § 2241 to collaterally attack the legality of his conviction or sentence only if the remedy under § 2255 is "inadequate or ineffective." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); see also 28 U.S.C. § 2255(e).

Section 2255 is not inadequate merely because the prisoner has been unable to obtain relief under § 2255. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Section 2255 is not rendered inadequate because of a limitation bar, the prohibition against

4

successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. <u>Id.</u> Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d at 333–34. Thus, a § 2241 petition may be used to attack the validity of a sentence or conviction only where the petitioner is "found actually innocent of [his] offenses of conviction" because the "acts for which the [petitioner] was convicted are not a crime." <u>United States v. Surratt</u>, 797 F.3d 240, 247 (4th Cir. 2015), <u>rehearing en banc granted</u>.

Perez-Colon argues that his sentence is invalid, not that he is innocent of his offenses of conviction. Substantive law has not changed such that Perez-Colon's conduct for which he was convicted is no longer deemed criminal. Therefore, under <u>Jones</u>, Perez-Colon fails to show that § 2255 is inadequate and ineffective to test the legality of his conviction. This Court must dismiss the petition for lack of subject matter jurisdiction.

Nevertheless, Perez-Colon argues that § 2255's savings clause is not limited to only actual innocense claims, but also may be used to remedy a "fundamental miscarriage of justice." Perez-Colon

5

relies on <u>Whiteside v. United States</u>, 748 F.3d 541 (4th Cir.),

<u>vacated en banc</u>, 775 F.3d 180 (4th Cir. 2014), arguing that the

sentencing court erred in applying the guidelines because the

court, rather than the jury, found that the conspiracy involved

over 150 kilograms of cocaine.  However, in <u>Whiteside</u>, the United

States Court of Appeals for the Fourth Circuit held that "an

erroneous application of the career offender enhancement [under the

United States Sentencing Guidelines] amounts to a fundamental

miscarriage of justice that is cognizable on collateral review"

under <u>§ 2255</u>.  <u>Id.</u> at 551.  Further, the Fourth Circuit later

vacated that holding en banc after determining that the petitioner

was not entitled to equitable tolling of § 2255's statute of

limitations.  <u>Whiteside v. United States</u>, 775 F.3d 180, 184-85 (4th

Cir. 2014) (en banc).  To the extent that Perez-Colon argues that

the sentencing court made an error in applying the sentencing

guidelines, <u>Whiteside</u> suggests that his remedy lies in a § 2255

motion and, thus, § 2255 would not be unavailable.

Finally, Perez-Colon seems to argue the sentencing court's

finding regarding the amount of cocaine involved violated his due

process rights under <u>Apprendi</u>, <u>Alleyne</u>, and <u>Burrage</u> because that

finding increased the minimum and maximum sentence of imprisonment

that could be imposed.  However, <u>Apprendi</u> does not apply

retroactively on collateral review.  <u>United States v. Sanders</u>, 247

F.3d 139, 146 (4th Cir. 2001), <u>cert. denied</u>, 534 U.S. 1032.

Similarly, neither <u>Alleyne</u> nor <u>Burrage</u> apply retroactively on collateral review as <u>Alleyne</u> simply extended <u>Apprendi</u> to findings that increase a mandatory minimum sentence, <u>United States v. Olvera</u>, 775 F.3d 726, 730 (5th Cir. 2015); <u>Hughes v. United States</u>, 770 F.3d 814, 818-19 (9th Cir. 2014); <u>In re Mazzio</u>, 756 F.3d 487, 490-91 (6th Cir. 2014); <u>United States v. Reyes</u>, 755 F.3d 210, 212 (3d Cir. 2014); <u>United States v. Redd</u>, 735 F.3d 88, 91 (2d Cir. 2013), and <u>Burrage</u> simply applied <u>Apprendi</u> and <u>Alleyne</u> to the offense of drug distribution resulting in death. 134 S. Ct. at 887. Even if these holdings applied retroactively, they would constitute new rules of constitutional law, thus, satisfying § 2255's gatekeeping provisions such that § 2255 would not be "unavailable" to remedy a violation of those holdings.

## IV. <u>Conclusion</u>

For the foregoing reasons, this Court lacks subject matter jurisdiction to consider Perez-Colon's petition. Accordingly, the magistrate judge's report and recommendation (ECF No. 16) is ADOPTED AND AFFIRMED, the respondent's motion to dismiss (ECF No. 11) is GRANTED, Perez-Colon's petition (ECF No. 1) is DENIED, and Perez-Colon's objections to the report and recommendation (ECF No. 18) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 14, 2016


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE