IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MANUEL PEREZ-COLON,

        Petitioner,

v.                                      Civil Action No. 5:14CV90
                                                           (STAMP)
TERRY O'BRIEN,

        Respondent.


                    **MEMORANDUM OPINION AND ORDER**
                    **DENYING PETITIONER'S MOTION FOR**
                    **RECONSIDERATION UNDER RULE 59(e)**

                        I.  Procedural History

    The petitioner, Manuel Perez-Colon ("Perez-Colon"), filed a pro se[1] motion under 28 U.S.C. § 2241 challenging the validity of his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), Alleyne v. United States, 133 S. Ct. 2151 (2013), and Burrage v. United States, 134 S. Ct. 881 (2014).  This matter was referred to United States Magistrate Judge Michael John Aloi under Local Rule of Civil Procedure 72.01.  The magistrate judge issued a report recommending that this Court deny the motion.  Perez-Colon filed objections to the report and recommendation.  This Court found that it lacked subject matter jurisdiction to consider Perez-Colon's motion because he failed to demonstrate that, under § 2255's "Savings Clause," § 2255 was unavailable or inadequate to obtain

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

the relief he was seeking. This Court adopted and affirmed the report and recommendation, granted the respondent's motion to dismiss, overruled Perez-Colon's objections, denied his motion, and dismissed this civil action. Perez-Colon then filed a motion for reconsideration under Federal Rule Civil Procedure 59(e).

## II. Discussion

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment under Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use this motion to ask the court to "rethink what the court ha[s] already thought through — rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

This Court previously found that it lacks subject matter jurisdiction to consider Perez-Colon's § 2241 petition because he fails to demonstrate that relief under § 2255 was unavailable or inadequate. Perez-Colon argue that this Court should have stayed these proceedings pending the United States Court of Appeals for the Fourth Circuit's rehearing en banc of United States v. Surratt, 797 F.3d 240 (4th Cir. 2015), and the Supreme Court's decision in Beckles v. United States, 136 S. Ct. 2010 (2016). However, this Court sees no benefit to reinstating this civil action and staying it pending resolution of those cases. This Court has already concluded that Perez-Colon failed to demonstrate that § 2255 is inadequate or ineffective under Surratt and In re Jones, 226 F.3d 328 (4th Cir. 2000), and controlling law in this circuit, and the Supreme Court's decision in Beckles does not have the potential to affect the way that Apprendi, Alleyne, or Burrage would apply in this case.

Perez-Colon also asks this Court to take notice of the Supreme Court's decision in Montgomery v. Louisiana, 136 S. Ct. 718 (2016), suggesting that it may change this Court's conclusion that Alleyne does not apply retroactively on collateral review. However, Montgomery does not have any bearing on the retroactive application of Alleyne on collateral review or on the retroactivity of new rules of constitutional criminal procedure in general. Perez-Colon fails to establish any ground for relief under Rule 59(e), and this

Court declines to "rethink what [it] . . . ha[s] already thought through — rightly or wrongly," and Perez-Colon's motion must be denied. Above the Belt, 99 F.R.D. at 101.

III. Conclusion

For the foregoing reasons, Perez-Colon's motion for reconsideration under Rule 59(e) (ECF No. 30) is DENIED. If Perez-Colon wishes to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:   October 5, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE